**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| RICHARD SAPEINZA, INDIVIDUALLY AND/OR DERIVATIVELY AS MEMBER AND MANAGER OF ADVANCED APPLIED RESEARCH, LLC, | § § § | |
| | § | CIVIL ACTION NO.: 6:16-cv-01701 |
| Plaintiffs, | § § § | |
| v. | § § | |
| DAVID O. TRAHAN; BEN D. DAVIS; CHEM ADVANCES, LLC; AND ADVANCED APPLIED RESEARCH, LLC, | § § § § | MAGISTRATE JUDGE PATRICK J. HANNA |
| Defendants | § | |

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**

Now into Court, through their undersigned counsel, come Defendants/Counter-Plaintiffs Wayne Cutrer ("Cutrer") and Downhole Chemical Solutions, LLC ("DCS") (all collectively "Defendants"), and jointly file this their Memorandum in Support of Motion for Summary Judgment on the Pleadings pertaining to their Counterclaims against Plaintiffs/Counter-Defendants Richard Sapienza and Visibly Green, LLC ("Plaintiffs") [Doc. 140]. For the reasons set forth in their Motion for Summary Judgment on the Pleadings and below, Defendants respectfully request, pursuant to Rules 56 and 8(b)(6) of the Federal Rules of Civil Procedure, that this Court grant a summary judgment on the pleadings in favor of Defendants and against Plaintiffs on all Defendants' respective Counterclaims [Doc. 140].

**Table of Contents**

Background…………………………………………………………………………………..3

Facts……………………………………………………………………………………….3

Argument and Authorities………………………………………………………………….8

Cutrer and DCS's Counterclaims (Doc. 140 at 17, et. seq.)……………………………….. 10

Claim One – Declaratory Judgment On Right To Own Or Use Work For Hire Testing and Development (Doc. 140 at ¶12, et. seq.)…………………………………………………10

Claim Two – Attorneys Fees (Doc. 140 at ¶23, et. seq.)…………………………….... 12

Conclusion and Prayer……………………………………………………………….... 12

**Table of Authorities**

**Cases**

*Ashley v. Jaipersaud*, 544 Fed. Appx. 827 (11th Cir. 2013)........................................................ 8
*Davignon v. Clemmey*, 322 F.3d 1 (1st Cir. 2003) ........................................................................ 9
*Hall v. Aetna Cas. & Sur. Co.*, 617 F.2d 1108 (5th Cir. 1980)..................................................... 9
*Ingraham v. United States*, 808 F.2d 1075 (5th Cir. 1987) ........................................................... 9
*Perez v. El Tequila, LLC*, 847 F.3d 1247 (10th Cir. 2017)........................................................... 8
*Sinclair Ref. Co. v. Howell*, 222 F.2d 637 (5th Cir. 1955) ........................................................... 9

**Statutes**

18 U.S.C.A. § 1836...................................................................................................................... 12
Fed. R. Civ. P. 12 ........................................................................................................................... 3
Fed. R. Civ. P. 56 ....................................................................................................................... 1, 8
Fed. R. Civ. P. 8 ...................................................................................................................... 1, 8, 9
La. Stat. Ann. § 51:1434 ............................................................................................................... 12

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
2 | P a g e

## Background

1. Defendants Cutrer and DCS filed their collective Counterclaims against Plaintiffs Sapienza and Visibly Green on January 11, 2018. Doc. 140 at 17.

2. Pursuant to Rule 12, Plaintiffs were to serve their answer to the Counterclaims within 21 days of being served with the Counterclaims, which was February 1, 2018. Fed. R. Civ. P. 12(a)(1)(B). Plaintiffs' deadline to file an answer to Cutrer and DCS's Counterclaims (Doc. 140) has passed. Additionally, pursuant to this Court's Scheduling Order, the deadline to file amended pleadings expired on July 9, 2018. Doc. 159. Plaintiffs failed to file an answer to Cutrer and DCS's Counterclaims. Docs. 140.

## Facts

3. During early January 2016, David Trahan ("Trahan") contacted DCS to see if DCS needed any chemicals (for Chem Advances, LLC ("Chem Advances" or "CA")'s account) or testing or development (for Advanced Applied Research ("AAR")'s account).[1] One project DCS needed work done on was development of a specifically formulated low temperature breaker product to replace a product DCS currently bought from a supplier.[2] DCS provided AAR with the parameters for the development and agreed to pay AAR on a fee per hour basis for the development.[3] AAR ultimately developed a formulation with three additives[4] that works with

[1] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19 (Defendants Wayne Cutrer, and Downhole Chemical Solutions, LLC's Answer to Plaintiffs' First Amended and Restated Complaint for Injunctive Relief, Declaratory Judgment, Judicial Dissolution, and Damages [Doc. 32]; and Counterclaims); Ex. 2, Cutrer Dep. at 46:23-47:3; Ex. 1, PI Vol II at 299:24-301:13; Doc. 123 at 7 (Proposed Findings of Fact).

[2] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 3, PI Hearing DX-7 (on file as ECF 122-1); Ex. 2, Cutrer Dep. at 46:34-47:7; Ex. 1, PI Vol. II at 303:15-18.

[3] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 3, PI Hearing DX-7 (on file as ECF 122-1); Doc. 123 at 7; Ex. 1, PI Vol. II at 301:14-22, 302:12-13.

[4] Ex. 2, Cutrer Dep. at 134:17-135:5; Ex. 1, PI Vol. III at 518:24-519:12, 521:12-17.

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
3 | P a g e

a diluted peroxide—a commonly used breaker—to break down polymers at a slow enough speed to allow the chemicals to function before being broken down.[5] AAR figured out the additives, each of which is publicly available and known to be additives[6], and did the testing with various dilutions of peroxide to figure out the optimal formulation for DCS's needs[7], based on the specifications DCS provided.[8] DCS paid AAR for all of the work on an hourly basis.[9] After obtaining the formulation, DCS ordered the additives in a pre-mixed form from Chem Advances—which has chemical receiving, mixing and infrastructure (AAR does not)—and sent the pre-blended additives to PeroxyChem for mixing with peroxide.[10] Chem Advances gave the blend a name—LT Breaker 105—for purposes of sales to DCS but never sold or marketed the blend to any other customers besides DCS.[11]

4. Upon being informed of the clay control product CA marketed, DCS determined that it would be easier to market the clay control if blended with choline chloride, a widely known and commonly used clay control product.[12] In order to determine a commercially viable blend of the CA clay control and choline chloride, DCS hired and paid AAR per hour to test

[5] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 4, Trahan Dep. at 110:1-6; Ex. 1, PI Vol. III at 520:16-20, 521:12-17.
[6] Ex. 4, Trahan Dep. at 110:1-6; Ex. 1, PI Vol. III at 520:16-20, 521:12-17.
[7] Ex. 4, Trahan Dep. at 111:11-24, 112:7-14; Ex. 1, PI Vol. III at 521:24-522:16.
[8] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 2, Cutrer Dep. at 95:22-96:4, 129:8-12, 134:17-23; Ex. 4, Trahan Dep. at 114:25-115:6; Ex. 1, PI Vol. III at 524:14-21.
[9] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 2, Cutrer Dep. at 46:23-48:14; Ex. 4, Trahan Dep. at 111:9-15, 114:8-23; 313:1-7; Ex. 1, PI Vol. II at 301:3-302:25.
[10] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 2, Cutrer Dep. at 95:22-96:4, 129:8-12, 134:17-23; Ex. 4, Trahan Dep. at 114:25-115:6; Ex. 1, PI Vol. III at 524:14-21.
[11] Ex. 1, PI Vol. III at 519:13-17, 524:22-525:1.
[12] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 2, Cutrer Dep. at 143:1-5; Ex. 1, PI Vol. II at 304:24-306:1.

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana** 4 | Page

various blends until one was optimized to meet DCS's specific needs.[13] Again, AAR billed DCS for working on the project and ultimately was able to provide DCS with a formulation blend it requested.[14] DCS makes the (cationic starch-choline chloride) formulation by buying the CA cationic starch, and buying the choline chloride from a third party, and then shipping the products to a facility to be blended based on the specific formulation DCS paid AAR to develop for DCS.[15] DCS then uses that blend to sell as part of services it offers to oil and gas operators and contractors.[16] DCS, until this lawsuit, was not aware of the source of the cationic starch, and the specific chemical composition of that starch is still unknown.[17]

5. DCS also hired AAR for testing and development of a specific flow aid blend and a friction reducer based on publicly available chemicals sourced by AAR and/or Chem Advances.[18] AAR, which does not know the specific makeup of the chemicals, received the initial chemicals as samples, and AAR and CA did the work to source and test chemicals to make

---

[13] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 2, Cutrer Dep. at 154:25-155:4; Ex. 1, PI Vol. II at 304:24-306:1.

[14] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19; Ex. 1, PI Vol. II at 304:24-306:1.

[15] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 19-20; Ex. 2, Cutrer Dep. at 154:25-155:4, 155:14-16; Ex. 4, Trahan Dep. 286:24-287:22; Doc 123 at 8; Ex. 1, PI Vol. II at 304:24-306:3, 323:18-324:1.

[16] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20; Ex. 2, Cutrer Dep. at 149:9-19; Ex. 1, PI Vol. II at 308:7-13, 320:5-9.

[17] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20; Ex. 5, PI Hearing PX 44; Ex. 2, Cutrer Dep. at 156:5-158:7; Ex. 1, PI Vol. II at 327:9-13; Doc. 123 at 8.

[18] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20; Ex. 2, Cutrer Dep. at 101:15-24, 165:24-166:2, 166:24-167:2; Ex. 4, Trahan Dep. at 123:6-12; Ex. 1, PI Vol. II at 307:1-9, and at Vol. III at 525:11-16.

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana** 5 | Page

sure they met DCS's specific and defined parameters.[19] Once the chemicals were confirmed to work, DCS began to buy those chemicals directly from the manufacturer, which it continues to do.[20] DCS paid AAR for all the time of testing to determine whether the products would work and what specific quantities or dilutions need to be applied to meet DCS's specifications.[21]

6. DCS is not affiliated by common ownership, control, or purpose with Trahan, Ben Davis, CA, Tarrytown Ventures, LP, or Cypress Technologies, LLC.[22] Cutrer does not solely own and control DCS or its parent company, Dynamic Chemical.[23]

7. DCS entered into ordinary business transactions with AAR and CA to buy services and products that DCS ultimately uses in its business supplying downhole chemicals and related services to oil and gas companies.[24] Cutrer is a part owner of Dynamic Chemical and is part of a seven member board of directors.[25] Dynamic Chemical has multiple shareholders.[26]

---

[19] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20.

[20] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20.

[21] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20.

[22] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 20; Ex. 1, PI Vol. II at 302:14-303:6, 308:21-309:7, 316:4-13.

[23] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18, Ex. 1, PI Vol. II at 299:5-9.

[24] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18, Ex. 2, Cutrer Dep. at 46:23-47:3; Ex. 1, PI Vol II at 299:12-17, 299:24-301:13; Doc. 123 at 7.

[25] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18, Ex. 1, PI Vol. II at 299:5-12.

[26] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18, Ex. 1, PI Vol. II at 299:5-12.

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
6 | Page

8. DCS paid for, and was provided with, all goods and services it ordered from AAR and CA.[27] All service work was done on a fee per hour basis and was work for hire.[28] DCS never agreed to pay an ongoing or continuing royalty to AAR or CA. All materials were shipped to DCS and paid for by DCS as invoiced.[29]

9. DCS does not control AAR or CA's invoicing.[30] DCS does not control AAR or CA's staff or management.[31] DCS did not make AAR or CA conduct business in a certain way.[32] DCS offered to pay AAR and CA for goods and services, AAR and CA provided the specified goods and services, and DCS paid for such goods and services for which it received invoices.[33]

10. DCS never received any information that anyone at AAR or CA, including Sapienza, informed DCS should be kept secret.[34] During all times while DCS was able to access the AAR/CA online server, Sapienza had knowledge of DCS's access and received the same

[27] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18; Ex. 2, Cutrer Dep. at 154:25-155:4; Ex. 4, Trahan Dep. at 327:13-21, 329:20-24; Ex. 1, PI Vol. II at 304:5-15, 304:24-306:1, 323:18-324:1; Doc 133-8 at ¶9 (Leonards Aff.); Doc 133-9 (DCS's Billing Report); Doc 133-4 at ¶7 (R. Trahan Aff.); Doc 123 at 8-9.

[28] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18. Ex. 3, PI Hearing DX-7 (on file as ECF 122-1); Doc. 123 at 7, 24; Ex. 1, PI Vol. II at 301:15-22, 302:12-13, and at PI Vol. III at 574:18-22; Ex. 2, Cutrer Dep. at 140:9-12; Ex. 4, Trahan Dep. at 267:15-19.

[29] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18; Ex. 1, PI Vol. II at 302:12-303:6.

[30] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18; Ex. 1, PI Vol. II at 316:8-13.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18; Ex. 6, Sapienza Dep. at 93:20-23 ("Q: To your knowledge, is there any document that shows Downhole Chemical receiving a written form of the actual formula? / A. No, not of my knowledge"); and at 176:15-18 ("Q. Did Chem Advances or Trahan or Davis ever give the formulation for the breaker 105 concentrate to Downhole Chemical? / A. I don't know.").

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
7 | Page

information as DCS.[35] Sapienza never once objected to this arrangement and relationship until Sapienza sued DCS.[36]

11. Even in spite of Sapienza's suing DCS, DCS continued to pay AAR for testing and development of specific dilutions and formulations until on or about August 1, 2017.[37] At the time DCS decided to stop doing business with AAR, DCS was AAR's only customer but was providing AAR with enough business to maintain its employees and cover overhead.[38] Sapienza's acts and activities listed above and his suit against DCS put AAR out of business.[39]

## Argument and Authorities

12. Movants shall prevail on this Motion for Summary Judgment on the Pleadings because there is no genuine dispute as to any material fact alleged by Movants, and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

13. If a party does not deny allegations in a complaint against said party, the allegations are treated as if the party has admitted them. *See* Fed. R. Civ. P. 8(b)(6); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254 (10th Cir. 2017) (the district court's reliance upon a fact, which was deemed admitted because a party failed to timely submit an answer, in granting summary judgment was not a sanction, but rather the effect of failing to deny); *Ashley v. Jaipersaud*, 544 Fed. Appx. 827 (11th Cir. 2013) (where "a responsive pleading is required and an 'allegation is not denied,'—*i.e.*, the party does not 'fairly respond to the substance of the

[35] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18; Ex. 6, Sapienza Dep. at 185:2-5.

[36] Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff; therefore, this fact is deemed admitted. Doc. 140 at 18.

[37] Doc 133-8 (Leonards Aff.), Doc 133-9 (DCS's Billing Report).

[38] Ex. 1, PI Vol. III at 589:25-590:22, 616:24-617:19.

[39] *Id.*

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
8 | Page

allegation'—such allegation 'is admitted.'"); *Hall v. Aetna Cas. & Sur. Co.*, 617 F.2d 1108, 1111 (5th Cir. 1980) (where answers did not deny coverage, "the effect of [insurance company's] failure to deny coverage under its policy was to admit this coverage"); *Sinclair Ref. Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955) (where defendant's answer contained no express denial of an averment, and the only even implicit denial was the concluding sentence that 'Defendant denies that the plaintiff is entitled to recover any damages', the effect of defendant's answer was to admit the averment). Moreover, affirmative defenses on which a party intends to rely must be pled in the answer, or usually are waived. *See* Fed. R. Civ. P. 8(c); *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003) (landlords waived affirmative defense where they failed to raise it in their answer, and tenants were led to believe during discovery that landlords did not intend to pursue defense); *Ingraham v. United States*, 808 F.2d 1075, 1078 (5th Cir. 1987) (failure to raise affirmative defense in answer constituted waiver of that defense).

14. Plaintiffs/Counter-Defendants wholly failed to respond or defend against Defendants/Counter-Plaintiffs Cutrer and DCS's timely Counterclaims against Plaintiffs/Counter-Plaintiff. Doc. 140 at 17.

15. Accordingly, the allegations in the respective Counterclaims filed by Defendants/Counter-Plaintiffs' Cutrer and DCS are automatically deemed admitted by Plaintiffs/Counter-Defendants; and Plaintiffs/Counter-Defendants cannot defend against the claims, as they have waived any affirmative defenses.[40] As such, there exists no genuine issue of material fact to be tried, and Movants should be granted summary judgment.

16. Defendants would be prejudiced by any future leave to allow Plaintiffs to file an answer to the Counterclaims at this late stage in the case. Plaintiffs were properly served and

[40] The only remaining triable issue on the claims would be the amount of damages.

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
9 | Page

fully apprised of Defendants' counterclaims nearly 7 months ago; yet, Plaintiffs have made no attempt to address the allegations, neither admitting nor denying. Further, Defendants propounded discovery on these claims on May 24, 2018, and such requests have gone unanswered. *See* ECF Doc. 165. Plaintiffs/Counter-Defendants have conducted no discovery of their own on these claims. *Id.* A grant of any request by Plaintiffs for leave to file an answer would result in withdrawal of Plaintiffs' deemed admissions, and would require Defendants to subsequently seek and obtain evidence, thus causing undue delay. Accordingly, Plaintiffs should be precluded from challenging liability on the Counterclaims filed by Defendants due to Plaintiffs' failure to answer either Counterclaim and all allegations therein being deemed admitted; and judgement should be rendered against Plaintiffs and in favor of Defendant as requested herein and in the Counterclaims. Docs. 140 and 142.

17. Plaintiffs' failure to answer the Counterclaims is yet another example of their dilatory conduct and lack of participation in this case. At some point, Plaintiffs must be required to follow the same rules required of other litigants, or should instead be held accountable for their failures.

**Cutrer and DCS's Counterclaims (Doc. 140 at 17, et. seq.)**

***Claim One – Declaratory Judgment On Right To Own Or Use Work For Hire Testing and Development (Doc. 140 at ¶12, et. seq.)***

18. Cutrer and DCS seek a declaratory judgment from this Court pertaining to their right to own or use work for hire testing and development.

19. DCS hired Advanced Applied Research, LLC ("AAR") to test and develop specific formulations and products for DCS's use and based on specifications DCS provided to AAR. The specific developments included: (i) development of a low temperature breaker

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
10 | P a g e

additive formulation; (ii) development of a friction reducer; (iii) development of a formulation for a flow aid; and (iv) development of a specifically formulated clay control using a CA additive, choline chloride, and water. *See* Doc. 140 at ¶13.

20. Cutrer and DCS are entitled to a judgment that DCS owns, or alternatively has a right to use all formulations, testing, and other information provided by AAR to DCS for which DCS paid, specifically including (i) development of a low temperature breaker additive formulation; (ii) development of a friction reducer; (iii) development of a formulation for a flow aid; and (iv) development of a specifically formulated clay control using a CA additive, choline chloride, and water; and further that DCS owes no additional liability, royalty, or other amount to Sapienza and/or Visibly Green, LLC for the same. Doc. 140 at ¶¶12-20.

21. Cutrer and DCS are further entitled to a judgment that DCS is free to use all the technology developed for DCS by AAR, specifically including (i) development of a low temperature breaker additive formulation; (ii) development of a friction reducer; (iii) development of a formulation for a flow aid; and (iv) development of a specifically formulated clay control using a CA additive, choline chloride, and water; and that there exist no additional clouds on title, and no additional, viable claims to ownership with respect to the same. Doc. 140 at ¶¶12-21.

22. Alternatively, Cutrer and DCS are entitled to a declaration that DCS owns all right, title and interest in and to any specific formulations developed for it by AAR, under any agreement between DCS and AAR, specifically including (i) development of a low temperature breaker additive formulation; (ii) development of a friction reducer; (iii) development of a formulation for a flow aid; and (iv) development of a specifically formulated clay control using a CA additive, choline chloride, and water. Doc. 140 at ¶¶12-22.

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**                                11 | P a g e

***Claim Two – Attorneys Fees (Doc. 140 at ¶23, et. seq.)***

23. Cutrer and DCS are further entitled to recovery of their reasonable attorney fees reasonably incurred in defending the claim against Plaintiffs, pursuant to the Defend Trade Secret Act, 18 U.S.C.A. § 1836(b)(3) and the Louisiana Trade Secret Act, La. Stat. Ann. § 51:1434, as Plaintiffs' trade secret claims were brought in bad faith.

**Conclusion and Prayer**

WHEREFORE, for these reasons and for the reasons set forth in their Motion for Summary Judgment on the Pleadings, Defendants/Counter-Plaintiffs Wayne Cutrer, and Downhole Chemical Solutions, LLC, pray this Court GRANT their Motion for Summary Judgment on the Pleadings pertaining to their Counterclaims against Plaintiffs/Counter-Defendants Richard Sapienza and Visibly Green, LLC [Docs. 140], and ENTER a judgment in favor of Defendants/Counter-Plaintiff and against Plaintiffs/Counter-Defendants as set forth herein.

Submitted: September 6, 2018

Respectfully submitted,

**Onebane Law Firm (APC)**

*/s/ Steve Lanza____*
Douglas W. Truxillo (LA #12937)
truxillod@onebane.com
Steven C. Lanza (LA #19668)
lanza@onebane.com
Post Office Box 3507
Lafayette, LA 70502-3507
Suite 300, 1200 Camellia Blvd.
Lafayette, LA 70508
(337) 237-2660
**LOCAL COUNSEL FOR DEFENDANTS**

AND:

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
12 | Page

**MATTHEWS, LAWSON,**
**MCCUTCHEON & JOSEPH, PLLC**

*/s/ David Lodholz*____
Terry Joseph
Texas Bar No. 11029500
tjoseph@matthewsfirm.com
David M. Lodholz
Texas Bar No. 24070158
dlodholz@matthewsfirm.com
2000 Bering Dr., Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all known counsel of record who are participants, as well as served via facsimile on all counsel or parties of record.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None Known.

Lafayette, Louisiana, this 6 day of September 2018.

*/s/ David Lodholz*
David Lodholz
MATTHEWS, LAWSON,
MCCUTCHEON & JOSEPH, PLLC

**DEFENDANTS DOWNHOLE CHEMICAL SOLUTIONS, LLC and WAYNE CUTRER's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS [Doc. 140]**
**Civil Action No. 6:16-CV-01701**
**U.S. District Court for the Western District of Louisiana**
13 | Page