# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **RICHARD SAPIENZA** | **CASE NO. 6:16-CV-01701** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **TRAHAN ET AL** | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING & ORDER

Currently pending is a Motion to Reconsider, pursuant to Federal Rule of Civil Procedure 54(b), filed by Plaintiffs, Richard Sapienza ("Sapienza"), individually and/or derivatively as member and manager on behalf of Advanced Applied Research, LLC ("AAR") (collectively, "Plaintiffs"), as well as exhibits filed separately in support thereof [Rec. Docs. 235, 240]. The motion urges the Court to reconsider its memorandum ruling and judgment [Rec. Docs. 233, 234], which granted in part and denied in part two motions for summary judgment and to sever, filed by Defendants David O. Trahan, Chem Advances, LLC, and Cypress Technologies, LLC [Rec. Doc. 173]; and Defendants Ben D. Davis and Tarrytown Ventures, LP [Rec. Doc. 176] (collectively, "Defendants"). For the reasons that follow, the motion is DENIED.

As Plaintiffs' motion acknowledges, "[t]he Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*."[1] "Nevertheless, motions requesting reconsideration of court orders have been construed as falling under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure."[2] "Rules 59 and 60 apply only to final judgments."[3] When a party seeks reconsideration of an order that adjudicates fewer than all the claims among all of the parties, then Rule 54(b) controls.[4] "Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[5] Rule 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment.[6] That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[7]

Here, Plaintiffs have moved the Court to reconsider a memorandum ruling and judgment, which adjudicated fewer than all claims among all parties to this suit; therefore, Rule 54(b) governs. Rule 54(b) motions are construed under the same

---

[1] *Cormier v. Turnkey Cleaning Servs.*, *L.L.C.*, 295 F. Supp. 3d 717, 719 (W.D. La. 2017) (citing *Shield Pack, LLC v. CDF Corp.*, 2010 WL 4719431, *1 (W.D. La. 2010)).
[2] *Id*. (citing *Collins v. Brice Building Co., LLC*, 2013 WL 121655, *2 (E.D. La. 2013) (and cases cited therein)).
[3] *Id*.
[4] *Id*. at 719-20.
[5] *Id*. at 720 (citing Fed. R. Civ. P. 54(b)).
[6] Fed. R. Civ. P. 54(b).
[7] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

standards that govern motions brought under Rules 59(e) or 60, depending on the timing thereof.[8] "[T]he Fifth Circuit Court of Appeals has held that a motion for reconsideration filed within twenty-eight days after the entry of judgment or the issuance of an interlocutory order is treated as a motion to alter or amend judgment under Rule 59(e), while a motion for reconsideration that is filed more than twenty-eight days after the entry of judgment or the issuance of an order is treated as a motion seeking relief from judgment under Rule 60(b)."[9] Because the relevant ruling and judgment were entered on January 28, 2019, and the instant motion was filed more than twenty-eight days thereafter, on March 6, 2019, the motion will be treated as one seeking relief from judgment under Rule 60(b).

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[10] The Rule states that "[o]n motion and just terms, the court may relieve a party . . . from a . . . judgment, [or] order," for certain specified reasons, set out in six subsections.[11] Here, Plaintiffs specifically rely upon Rule 60(b)(1), (3), and (6).[12]

---

[8] *Cormier*, 295 F.Supp.3d at 720 (citing *Collins*, 2013 WL 121655, *2 (and cases cited therein)); *Mosing v. Boston*, 2017 WL 1573172, at *2 (W.D. La. 2017); *see also Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).
[9] *Mosing*, 2017 WL 1573172, at *2; *Hamilton Plaintiffs*, 147 F.3d at 371 n.10.
[10] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[11] Fed. R. Civ. P. 60(b).
[12] Rec. Doc. 235-1, pp. 24-25, 27, and 43-44.

Rule 60(b)(1) allows a court to grant relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect."[13] Plaintiffs argue that the personal circumstances of their attorney, the facts of which have been detailed in previous filings, constitute "excusable neglect."[14] However, as indicated by Plaintiffs' reference to previous filings, the Court is, and was at the time of the relevant ruling, aware of Plaintiffs' counsel's personal circumstances. Over the course of many months and requests for extensions of various deadlines, the Court has considered counsel's circumstances and, where appropriate, granted relief at various stages of this litigation. In the relevant ruling, before reaching the merits of Defendants' unopposed motions for summary judgment, the Court considered whether Plaintiffs should be allowed additional discovery or relief from the scheduling order, pursuant to Rules 56(d) or 16(b)(4), respectively.[15] The bases for those requests were the same as those set forth in support of Plaintiffs' Rule 60(b)(1) argument, and the Court's original reasons for denying those requests are clearly laid out in the ruling.[16] Nothing in the instant motion provides sufficient cause for reconsideration thereof.[17]

---

[13] *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (quoting Fed. R. Civ. P. 60(b)(1)).
[14] Rec. Doc. 235-1, pp. 24, 43 (citing Rec. Doc. 210-1, pp. 5-12).
[15] *See* Rec. Doc. 233, pp. 17-24.
[16] *Id*.
[17] The Fifth Circuit has "held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel." *Brittingham*, 543 F. App'x at 374 (citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356–57 (5th Cir. 1993)). While Plaintiffs' counsel's circumstances are unfortunate, and certainly do not themselves constitute carelessness, the extent to which counsel has allowed those

Next, Plaintiffs seek relief under Rule 60(b)(3), which allows a court to grant relief on the grounds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."[18] "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."[19] "The moving party has the burden of proving the misconduct by clear and convincing evidence."[20] Rule 60(b)(3) "does not require that the information withheld be such that it can alter the outcome of the case[;]" rather, it "'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'"[21]

Here, Plaintiffs argue that Defendants committed fraud and made misrepresentations during the time period relevant to the substantive allegations in this lawsuit and, in doing so, refer the Court to the factual challenges to the merits of the Court's ruling, set forth in some thirty-two pages of their brief.[22] Plaintiffs

---

circumstances to affect her representation in this case, despite the Court's leniency surrounding missed deadlines herein, does rise to the level of carelessness. And, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, no matter how unfair this on occasion may seem." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 288 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

[18] Fed. R. Civ. P. 60(b)(3).
[19] *Hesling*, 396 F.3d at 641 (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995) (quotations and citations omitted)).
[20] *Id.* (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978))
[21] *Id.* (quoting *Rozier*, 573 F.2d at 1339).
[22] Rec. Doc. 235-1, pp. 24-25, 43 (citing Rec. Doc. 235-1, pp. 7-24; p. 8, n.3 (regarding references to exhibits "produced for, but not introduced at, the preliminary injunction hearing"); and 27-42).

explicitly note that this argument is made "[o]n the merits."[23] Therein, Plaintiffs re-allege the claims of fraud and misrepresentation contained in their amended complaint and attempt to support same by drawing on testimony and exhibits, whether introduced or not, from the preliminary injunction hearing.[24] However, "Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that 'interferes with the process of adjudication.'"[25] These assertions, which are directed purely toward the underlying subject-matter of this litigation, amount to nothing more than an untimely, improper attempt by Plaintiffs to oppose the motions upon which the Court has already ruled.

Moreover, as noted above, to succeed under Rule 60(b)(3), Plaintiffs *must* show that Defendants' misconduct prevented Plaintiffs "from fully and fairly presenting [their] case."[26] Plaintiffs have failed to explain how any misconduct by the defense has interfered with their ability to present their case.[27] To the contrary,

---

[23] *Id*.
[24] Rec. Doc. 235-1, pp. 7-24, 27-42; and p. 8, n.3 (regarding references to exhibits).
[25] *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 2012 WL 5989387, at *8 (M.D. Fla. 2012) (quoting *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005)).
[26] *Hesling*, 396 F.3d at 641 (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995) (quotations and citations omitted)).
[27] The Court notes that Plaintiffs' brief makes passing references, almost entirely in footnotes, to allegations of potential fraud or misrepresentation during the course of this litigation. *See, e.g.,* Rec. Doc. 235-1, p. 13, n.26 ("Plaintiffs seriously question the veracity and authenticity of Defendants' Exh. 12 . . ."). However, Plaintiffs made the same objections at the time this exhibit was admitted during the preliminary injunction hearing, and discussed during the testimony of both Sapienza and Trahan. *See* Rec. Doc. 125-1, pp. 48-50; and Rec. Doc. 125-2, pp. 75-77. Regardless, the argument is not properly made under Rule 60(b)(3) and is used, instead, as another means to attack the merits of the underlying ruling and the findings contained therein.

as detailed in the relevant ruling, Defendants have responded to all discovery requests propounded by Plaintiffs and produced over 12,000 pages of bates numbered documents over the course of this litigation.[28] Further, upon order of the Court, the parties submitted copies of all interrogatories and document requests propounded and the written responses thereto, in addition to any agreed-upon responses or production, for the Court's review.[29] This allowed the Court to fully examine the extent of the discovery undertaken and assess the adequacy and fairness thereof in light of Plaintiffs' then-pending request for additional discovery. The Court ultimately denied Plaintiffs' requests for additional discovery and/or further relief from the scheduling order, and explained, as follows:

> Having thoroughly reviewed and considered the parties' submissions, **the Court remains satisfied that Plaintiffs have had ample opportunity within which to conduct any necessary discovery and have failed to do so** or to provide specific reasons why additional time is necessary to do so. Moreover, despite having engaged in significant discovery, which included depositions of both Trahan and CA, and having a 741-page transcript available from the [preliminary injunction] hearing, Plaintiffs have failed to make *any* effort to oppose the pending dispositive motions.[30]

Again, nothing in the instant motion undermines the above-quoted findings or provides sufficient cause for reconsideration thereof.

---

[28] *See* Rec. Doc. 233, pp. 19-24; and Rec. Doc. 213.
[29] *See* Rec. Docs. 215, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, and 233.
[30] Rec. Doc. 233, p. 23 (first emphasis added; second emphasis in original).

Third and finally, Plaintiffs rely upon Rule 60(b)(6), which allows a court to grant relief "for any other reason that justifies relief."[31] The Fifth Circuit "has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)."[32] "The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)."[33] Rather, "Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'"[34] "The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice."[35] However, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."[36] "If a party is partly to blame for the delay, relief must be sought . . . under subsection (1) and the party's neglect must be excusable."[37]

Here, Plaintiffs attempt to rehash arguments already presented, thoroughly considered, and rejected by the Court. Essentially, Plaintiffs argue that the

---

[31] Fed. R. Civ. P. 60(b)(6).
[32] *Hesling*, 396 F.3d at 642 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)).
[33] *Hesling*, 396 F.3d at 642 (citing *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002)).
[34] *Hesling*, 396 F.3d at 642 (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992) (citations omitted)).
[35] *Hesling*, 396 F.3d at 642 (quoting *Harrell*, 951 F.2d at 1458).
[36] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993); *see also Hesling*, 396 F.3d at 642 ("However, '[r]elief under this section is granted "only if extraordinary circumstances are present."'") (quoting *American Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir.1993) (citation omitted)); *Id.* at 642, n.6 (collecting cases where extraordinary circumstances were found to exist and support relief under Rule 60(b)(6)).
[37] *Pioneer*, 507 U.S. at 393.

preliminary injunction hearing, and related discovery, was limited, such that Plaintiffs have not been given the opportunity to submit evidence in support of all claims brought in this lawsuit.[38] This argument fails to account for the depth of the preliminary injunction hearing, which was conducted over the course of four days and produced over 700 pages of transcript.[39] Likewise, and perhaps most importantly, Plaintiffs fail to acknowledge that they have had ample opportunity to engage in discovery since then and have repeatedly failed to do so *or* to make any effort to use the record already created, including the 741-page hearing transcript, to either oppose summary judgment or provide support for a proper Rule 56(d) motion for additional discovery. This is true, despite the Court's leniency in granting nearly all of Plaintiffs' timely *and untimely* requests for extensions of deadlines, throughout the course of this litigation.

Moreover, in their "Combined Response," to the then-pending dispositive motions, Plaintiffs detailed these exact same arguments, in moving the Court for relief from the scheduling order and/or additional discovery. There, *inter alia*, Plaintiffs argued that previous discovery had been limited to "preliminary injunction

---

[38] Rec. Doc. 235-1, pp. 25. 43-44.
[39] The Court further notes that, in order to obtain a preliminary injunction, the successful plaintiff must first show "a substantial likelihood of success on the merits," which the Court assesses by looking to the "standards provided by the substantive law." Rec. Doc. 123, pp. 12, 13 (quoting *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011); and *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990) (citation omitted)).

issues;" the parties exchanged only informal discovery; and only a limited number of depositions had been taken.[40] On the surface, the Court was unpersuaded by Plaintiffs' untimely requests; however, out of an abundance of caution, the parties were allowed to submit their discovery, as detailed above, for the Court's review. After consideration thereof, the Court remained satisfied that Plaintiffs had been afforded an adequate opportunity to engage in discovery yet failed to do so, and the Court ruled in Defendants' favor on the dispositive motions. Thus, the Court finds that reconsidering the ruling and judgment, which clearly and carefully considered each of the arguments now before the Court, would unfairly penalize Defendants because of Plaintiffs' dilatory conduct and failure to pay proper attention to this litigation.[41] Accordingly,

For the reasons outlined herein, Plaintiffs' motion for reconsideration [Rec. Doc. 235] is hereby DENIED.

Signed at Lafayette, Louisiana on this 18th day of March, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[40] Rec. Doc. 210-1.
[41] *See Pioneer*, 507 U.S. at 393.