UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RICHARD SAPIENZA** | **CASE NO. 6:16-CV-01701** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **TRAHAN ET AL** | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM ORDER

Currently pending is a Second Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 54(b), filed by Plaintiffs, Richard Sapienza ("Sapienza"), individually and/or derivatively as member and manager on behalf of Advanced Applied Research, LLC ("AAR") (collectively, "Plaintiffs"), as well as a Motion for Leave to File Excess Pages in support thereof [Rec. Docs. 247, 248]. The Court has reviewed and considered the motion for reconsideration, as well as the lengthy proposed memorandum in support thereof and all attachments thereto, none of which contain new information not already considered by the Court and detailed in prior rulings herein.[1] Plaintiffs argue that the Court applied the wrong standard to the previous motion for reconsideration and stress that "Rule 54(b) permits the 'trial court . . . to reconsider and reverse its decision for *any reason it deems sufficient* . .

---

[1] This includes the attached psychological evaluation [Rec. Doc. 247-4], which Plaintiffs' counsel submitted to the Court for in camera review on November 15, 2018, prior to the issuance of the Court's ruling on the Defendants' dispositive motion, which is one of the subjects of the instant motion for reconsideration.

1

. .."[2] Although Plaintiffs' counsel argues that her personal circumstances and related diagnosis with "major depressive disorder" during the pendency of this litigation warrant relief,[3] the Court has specifically and repeatedly considered that argument, granted relief where appropriate throughout these proceedings, and ultimately rejected it as the basis for seeking the relief again sought herein.[4] The Court recognizes the interlocutory nature of the rulings made subject of the instant and prior motions for reconsideration, as well as "the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires."[5] As detailed throughout the record in this matter, however, the Court has considered – and reconsidered –Plaintiffs' arguments and has not and does not find any reason, or combination of reasons, to be sufficient for the Court to reconsider the dispositive ruling issued herein. As outlined in both the rulings on the dispositive motions, as well as the previous motion for reconsideration, the Court finds that reconsidering the rulings, "which clearly and carefully considered each of the

---

[2] Rec. Doc. 247-1, p. 14 (quoting *Cabral v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017) (citation omitted)).
[3] Rec. Doc. 247-1, pp. 17 and 18-26.
[4] *See, e.g.,* Rec. Doc. 243, pp. 4-5 n.17 ("While Plaintiffs' counsel's circumstances are unfortunate, and certainly do not themselves constitute carelessness, the extent to which counsel has allowed those circumstances to affect her representation in this case, despite the Court's leniency surrounding missed deadlines herein, does rise to the level of carelessness.").
[5] *Dow Chem., USA v. Consumer Prod. Safety Comm'n*, 464 F. Supp. 904, 906 (W.D. La. 1979); *see also Cabral*, 853 F.3d at 766 n.3 (*Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015) (explaining that the higher standard in Rule 59(e) reflects the fact that judgment has already been entered, while the "more flexible" Rule 54(b) standard reflects the district court's inherent power to grant relief from interlocutory orders "as justice requires.") (citing *Dow Chem., supra*)).

arguments now before the Court, would unfairly penalize Defendants because of Plaintiffs' dilatory conduct and failure to pay proper attention to this litigation."[6] Regardless of which standard the Court applies, the Court remains unpersuaded that Plaintiffs are entitled to reconsideration. Accordingly, the motions [Rec. Docs. 247, 248] are DENIED.

Signed at Lafayette, Louisiana on this 9th day of April, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[6] Rec. Doc. 243, p. 10.