**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RICHARD SAPIENZA** | **CASE NO. 6:16-CV-01701** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **DAVID O TRAHAN ET AL** | |

**ORDER**

The Court ordered the parties to file briefs addressing their respective positions as to whether the Court should sever the remaining counter-claims and direct entry of a Rule 54(b) final judgment as to all claims which have been adjudicated or whether the Court should proceed to try the remaining counter-claims first. (Rec. Doc. 244). The parties timely complied. (Plaintiffs' Response at Rec. Doc. 245; Defendants' Joint Response at Rec. Doc. 246). The Court also conducted a telephone status conference on June 13, 2019 on the record wherein the parties discussed this issue.

Defendants urged the Court to sever the pending counter-claims and designate the previously adjudicated claims as Rule 54(b) final judgments, thereby allowing the parties to proceed to trial on Defendants' counter-claims. Defendants also asked the Court to realign the parties for trial, so that Defendants/Counter-Claimants are repositioned as Plaintiffs and Plaintiffs/Counter-Defendants are repositioned as

Defendants, and set the remaining claims for trial as soon the parties and the Court's schedule will allow.

Plaintiffs disagree, arguing that two of their claims remain pending: "Count Fifteen for Judicial Dissolution and, Alternatively, for Buy-Out and/or Dissolution Due to Oppression," and Dr. Sapienza's ownership interest in AAR and "the five (5) trade secrets at issue." (Rec. Doc. 245, at 1). Contrary to Plaintiffs' position, the Court notes that <u>all</u> of Plaintiffs' claims have been either voluntarily dismissed by Plaintiffs, rendered moot by agreement, or dismissed with prejudice by the Court. Specifically, Count Fifteen for judicial dissolution became moot when Defendants agreed to dissolve AAR. (See Rec. Doc. 233, at 2, citing Rec. Doc. 187, ¶84 and 176-1, ¶76). Similarly, Plaintiffs voluntarily dismissed Count Sixteen seeking declaratory judgment as to Dr. Sapienza's ownership interests. (Rec. Doc. 233, at 2, citing Rec. Doc. 230-231). Further, the Court has already ruled that Plaintiffs presented evidence of the existence of only two trade secrets, rather than five as Plaintiffs maintain. (Rec. Doc. 233, at 28, citing Rec. Doc. 123, at 17). Nonetheless, the Court is still called upon to determine whether final judgment designation is appropriate under F.R.C.P. Rule 54.

Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if

the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In making a determination under Rule 54(b), "[a] district court must first determine that it is dealing with a 'final judgment,'…in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980), citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Next, the district court must determine whether there is "no just reason for delay," considering "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. "The mere presence of [counter-claims] does not render a Rule 54(b) certification inappropriate." *Id*. at 9.

The Court agrees with Defendants that the judgments granting Defendants' Motions for Summary Judgment are final in the sense that they were ultimate dispositions of all remaining claims. The Court also agrees that there is "no just reason for delay," emphasizing that none of Plaintiffs' claims remain pending. Although the interplay of the parties' business relationships and the extent to which

3

boundaries were defined and/or enforced is at the heart of this litigation, the majority of Defendants' counter-claims are materially different from those asserted in the main demand. For instance, Defendants' counter-claims allege Sapienza breached his fiduciary duties and/or was unjustly enriched in several respects: 1) by usurping and/or misrepresenting a business opportunity by pursuing a gas to liquids opportunity in Malaysia (for personal gain), while also using AAR resources and property; 2) by misrepresenting rights to use technology owned by his former employer, METSS, thereby exposing AAR to potential liability for improper use or disclosure of that companies' information; 3) by improperly sharing financial information with non-member employees and third parties, and that this, along with other allegedly non-professional behavior, caused AAR to lose business opportunities; and 4) by suing Cutrer and DCS, AAR's only customer, causing DCS to discontinue business with AAR and ultimately put AAR out of business. (See Rec. Doc. 241, at 28-29).

While Defendants' counter-claims are, in some respects, related to Plaintiffs' now dismissed claims (such as Defendants' counter-claims seeking to recover attorneys' fees under the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act, alleging Plaintiffs' trade secret claims in the main demand were brought in bad faith), the Court finds that the interests of judicial economy and efficiency is best served by certifying the judgments granting Defendants' Motions for Summary

Judgment as final and allowing Plaintiffs to proceed with appeal if desired. Once appellate review has determined whether Plaintiffs' claims were properly dismissed or whether Plaintiffs should be allowed to proceed, the Court will set trial for all unresolved issues. Accordingly,

IT IS ORDERED that the Judgment at Rec. Doc. 192 (Memorandum Ruling at Rec. Doc. 191), granting Wayne Cutrer and Downhole Chemical Solutions, LLC's Motion for Summary Judgment, and the Judgment at Rec. Doc. 234 (Memorandum Ruling at Rec. Doc. 233), granting David Trahan, Chem Advances, LLC, Cypress Technologies, LLC, Ben Davis, and Tarrytown Ventures, LP's Motion for Summary Judgment, are hereby certified as final pursuant to F.R.C.P. Rule 54(b).

THUS DONE in Chambers, Lafayette, Louisiana on this 13th day of June, 2019.

_____
PATRICK J. HANNA